NELSON DESSUREAULT, ADMINISTRATOR, vs. FRANK M. MASELLY.

Third Judicial District, New Haven, June Term, 1913.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

In an action for negligently killing the plaintiff's intestate, a nonsuit was granted upon the ground that the decedent, a boy about eleven, had failed to exercise ordinary care. *Held* that the evidence, much of which was uncontradicted, would have supported a verdict for the plaintiff, and that the trial court erred in refusing to set aside the nonsuit.

Argued June 4th—decided July 23d, 1918.

ACTION to recover damages for negligently causing the death of the plaintiff's intestate, brought to the Superior Court in New Haven County where the plaintiff was nonsuited in a trial to the jury before *Bennett, J.*, and from the refusal of the trial court to set aside said judgment the plaintiff appealed. *Error and new trial ordered.*

*Clayton L. Klein,* for the appellant (plaintiff).

*Lawrence L. Lewis,* for the appellee (defendant).

PER CURIAM. The evidence offered by the plaintiff tended to prove the following facts: The plaintiff's intestate was about eleven years old and his mentality was below that of the average child of his years. The defendant owned and operated a heavy motor-truck which was used in the transportation of freight. This ran into the child. The accident in question happened on November 3d, 1916, about six o'clock in the afternoon, at a freight yard in the city of Waterbury. When the accident occurred there were only three persons present, the defendant's servant, Angelo Colantonio, the driver of the car, a brother of the plaintiff's intestate by the name of Nelson, and the boy William who was killed. The testimony as to the direct acts of negligence was limited to that of Nelson, the brother of the deceased. From his testimony it appears that on the afternoon of the day when the accident happened, the two boys went to the freight station in Waterbury upon the invitation of Colantonio, the defendant's servant. When they reached the freight yard it was about dusk. The defendant's servant told the boys to get off the truck and see if he was backing up straight to the freight-car door. The boys then got off the truck. Nelson jumped into the box-car and William remained upon the ground about four feet at the right of the freight-car door in which his brother was standing. At this time the rear of the motor-truck was about seven feet distant from the freight-car. While the boys were occupying these positions the truck was stationary and not directed straight toward the freight-car door. Nelson, who was standing in the door, shouted to the operator of the car to go ahead. Instead of going ahead as directed by the boy, Colantonio backed the car up

swiftly in a diagonal direction, so that the rear of the truck caught William between the truck and the freight-car, crushing his head and skull, which resulted in his death.

From the uncontradicted testimony of the brother Nelson, it is a little difficult to understand in what respect the deceased boy failed to exercise ordinary care. The record discloses that the trial court found that the defendant's agent was negligent, but granted a motion to nonsuit, on the ground that the evidence did not show that the deceased boy was free from contributory negligence. In the latter ruling there is error.

The question of contributory negligence, as the evidence appeared, was one for the jury; and furthermore, it could not be said as matter of law that the plaintiff's intestate was not in the exercise of due care for one of his years and mental capacity. The jury might have found that the defendant's servant knew, or should have known, that the deceased was mentally abnormal; that the injured boy was about four feet to the right of his brother, who was standing in the car door; and that the boy who was killed had reason to think that the rear of the truck would not come back diagonally but would be guided straight toward the open freight-car door, where his brother was standing. It is fair to assume that he heard the direction of the brother to go ahead, and that he acted accordingly. Instead of going ahead the driver of the car caused it to go backward swiftly in a diagonal direction toward the deceased, which gave no reasonable chance for the boy to escape the injury which caused his death. This evidence was uncontradicted and would have supported a verdict, and the judgment of nonsuit should not have been granted.

There is error, the judgment of nonsuit is set aside and a new trial is ordered.